# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

TONY MORELAND,

        Plaintiff,

v.                                                Case No. 10-CV-867

DORSEY THORNTON and ASSOCIATES LLC,

        Defendant.

_____

## ORDER

Before the court are plaintiff's motion to approve alternative service pursuant to Federal Rule of Civil Procedure 4(e)(1), and plaintiff's motion for extension of time to serve the defendant pursuant to Federal Rule of Civil Procedure 4(m). (Docket #5). For the reasons stated below, the motions are granted.

## BACKGROUND

On October 4, 2010, plaintiff filed this action against defendant Dorsey Thornton and Associates LLC ("Dorsey Thornton") claiming that the defendant violated the Fair Debt Collection Practices Act, relative to its attempts to collect a debt allegedly owed by plaintiff. As set forth in the materials attached to his motion, including the affidavits of his process servers, plaintiff has made several attempts to serve the summons and complaint on Dorsey Thornton. First, plaintiff attempted to effectuate service on four separate occasions at Dorsey Thornton's principal office address and address of its registered agent in Union City, Georgia. (Pl.'s Br. in Supp. 2) (Docket #6). Those attempts failed. The process server left a note on her

first attempt, and that note was no longer at the address when she returned for her second attempt at service. The process server avers that the address appeared occupied, yet no one answered the door. (Pl.'s Br. in Supp. Ex. B [Aff.] 1) (Docket #6-2). Plaintiff then attempted to obtain an alternative address at which he could serve defendant, ultimately discovering that at some time in October 2010 the defendant had changed the address of its registered agent to an address in Doraville, Georgia, and its principal office address to a P.O. Box. (Pl.'s Br. in Supp. Ex. C). Plaintiff attempted to serve defendant at the new address of the registered agent on November 18, 2010. (Pl.'s Br. in Supp. Ex. D [Aff.] 1) (Docket #6-4). The process server avers that he spoke with defendant's receptionist and asked for the registered agent or office manager. (Pl.'s Br. in Supp. Ex. D [Aff.] 2). The receptionist went to the back of the office and later returned, informing the process server that if he did not leave, the police would be called. (*Id.*). The police arrived but would not assist the process server in effectuating service. (*Id.*). Plaintiff concludes that defendant is evading service and requests that the court approve an alternative method of service as well as grant the plaintiff an extension of time in which to effectuate service.

## DISCUSSION

As the Seventh Circuit has noted, "[a] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). The Seventh Circuit further reminded district courts that "the service requirement is not satisfied

merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *Id.* That is to say, the formalities of service of process under Rule 4 of the Federal Rules of Civil Procedure must be observed.

The Seventh Circuit has also stated that "the preferred approach" to service "is for the plaintiff to mail the defendant a copy of the complaint and summons and obtain a waiver of personal service from the defendant under Rule 4(d)." *Id.* at 500-01. It does not appear that plaintiff has attempted to follow "the preferred approach," as plaintiff only asserts he has failed on numerous occasions in effectuating service, not in obtaining a waiver. However, this is a preferred approach, not an obligatory one. Even if plaintiff had followed the preferred approach, plaintiff's account of the facts demonstrates that any attempt at obtaining a waiver would have likely been met with the same results. In situations such as this one, where a defendant corporation or association does not waive service and no federal statute otherwise supplies a method for service, then Rule 4(h)'s list of methods is exclusive. These approved methods include the methods listed in Rule 4(e) for serving an individual: personal service (Fed. R. Civ. P. 4(e)(2)(A)); leaving a copy of the summons and complaint at the defendant's "usual place of abode" with a person of suitable age who resides there (Fed. R. Civ. P. 4(e)(2)(B)); delivering a copy of the complaint and summons to an agent authorized to accept service (Fed. R. Civ. P. 4(e)(2)(C)); or any other manner of serving process permitted by the law of the state where the district court sits (Fed. R. Civ. P. 4(e)(1)). Federal Rule of Civil Procedure 4(h)(1)(B)

also allows service by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service.

Here, having exhausted other methods of service, plaintiff has invoked Federal Rule of Civil Procedure 4(h)(1)(A) and thereby Rule 4(e)(1) to request an order permitting service by an alternative method. As previously noted, Rule 4(e)(1) provides that service of a summons and complaint may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996) (explaining that in the absence of rules for service of process set forth in the statute giving rise to the cause of action, "service of process is governed by the law of the state in which the district court is located").

Accordingly, the Wisconsin Rules of Civil Procedure should apply in this situation. Like federal law, in Wisconsin, service of process on a limited liability company can be made pursuant to Wis. Stat. 801.11(5)(a) by "personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office." Plaintiff has attempted on numerous occasions to serve defendant in the above prescribed methods.

Additionally, in Wisconsin, if with reasonable diligence a defendant cannot be served by the means set forth above then a summons may be served upon a limited liability company by publication and mailing. Wis. Stat. 801.11(5)(b). The provisions regarding publication, Wis. Stat. 801.11(1)(c) and Wisc. Stat. Chapter 985, allow for service of process by way of publication and mailing. Under Wis. Stat. 985, plaintiff requests this court grant an order allowing service by publication for a term of once a week for three (3) consecutive weeks in a newspaper likely to give notice to defendant. Because it is apparent that plaintiff has attempted unsuccessfully and with reasonable diligence to serve the defendant with process by the approved methods under both federal and state law, the court finds it appropriate to grant plaintiff's motion to approve alternative service by way of publication and mailing in accordance with Wisconsin law. Therefore, given that defendant's registered agent is now located in Fulton County, Georgia, plaintiff shall effectuate service through publication in a newspaper in Fulton County, Georgia, that is likely to give notice to defendant. Moreover, plaintiff will, in accordance with Wis. Stat. 801.11(1)(c), mail to defendant a copy of the summons and complaint at the time or immediately prior to the first publication.

Plaintiff also requests an extension of time to serve defendant, pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) generally requires a plaintiff to serve process within 120 days, but a plaintiff may move for additional time to serve the defendant. *Ligas*, 549 F.3d at 501. If the plaintiff shows good cause for his failure to accomplish service within the designated period of time, then the district

court *must* grant an extension. *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court. *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S.Ct. 1638 (1996). When a plaintiff fails to serve process within the period of time prescribed by the federal rules, Rule 4(m) requires the district court to dismiss the complaint without prejudice. *Ligas*, 549 F.3d at 501.

In this case, the plaintiff's time to accomplish service will expire on February 4, 2011. Though the time for service has not yet expired, the court appreciates that plaintiff's failure to effectuate service up to this point has been for good cause. The plaintiff has diligently attempted on five separate occasions to accomplish service of process, and it appears that the defendant may be engaging in conduct designed to evade service of process. Therefore, the court shall grant plaintiff a thirty-day extension to accomplish service by way of publication and mailing.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's motion for an order for alternative service and motion for an extension of time to serve defendant (Docket #5) be and the same are hereby **GRANTED** as follows:

1. Plaintiff shall, in accordance with Wis. Stat. 801.11(1)(c) and Wisc. Stat. Chapter 985, effectuate service through publication for a term of once a week for three (3) consecutive weeks in a newspaper in Fulton County, Georgia, that is likely to give notice to defendant.

2. Plaintiff shall, in accordance with Wis. Stat. 801.11(1)(c), mail to defendant a copy of the summons and complaint at the time or immediately prior to the first publication.

3. For good cause shown, plaintiff's time for service shall be extended to **March 6, 2011**.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge