# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

TONY MORELAND,

        Plaintiff,

v.                                                                           Case No. 10-CV-867

DORSEY THORNTON AND ASSOCIATES L.L.C.,

        Defendant.

_____

## ORDER

The plaintiff, Tony Moreland ("Moreland"), brought this action against the defendant, Dorsey Thornton and Associates L.L.C. ("Dorsey Thornton"), alleging that it violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), by the collection calls and other correspondence it directed at Moreland regarding an allegedly unpaid debt of his son. Upon Moreland's request, the Clerk of Court entered default against Dorsey Thornton on February 25, 2011, based upon Dorsey Thornton's failure to file a responsive pleading or otherwise respond to the complaint. The matter is before the court on Moreland's motion for default judgment. (Docket #10). Moreland seeks a total award of $6,644; the amount being comprised of: $1,000.00 in statutory damages, *see* 15 U.S.C. § 1692(k)(a)(2)(A); $2,500.00 in actual damages, *see* 15 U.S.C. § 1692(k)(a)(1); and, $3,144.00 in attorney's fees and costs – $2,718.00 in attorney's fees to date, $350.00 for the filing fee, and $76.00 for the cost of service. *See* 15 U.S.C. § 1692(k)(a)(3).

**BACKGROUND**

According to the complaint, representatives of the defendant continued to contact the plaintiff regarding the alleged debt, threatened legal action if plaintiff or plaintiff's son did not pay the alleged debt, stated to the plaintiff that if he or his son did not pay the debt, plaintiff's son would be arrested for check fraud, misrepresented that the communications with plaintiff were from an attorney, and implied plaintiff's son was guilty of check fraud, among other things. As a result of Dorsey Thornton's conduct, plaintiff made a payment to defendant.

**DISCUSSION**

Under Fed. R. Civ. P. 55, the court may enter a default judgment when a party against whom affirmative relief is sought fails to plead or otherwise defend. The decision to enter default judgment lies within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citation omitted). As a general rule, a "default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). Upon entry of default, the court takes all well-pleaded allegations in plaintiff's complaint relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

In determining whether a default judgment is warranted, the court may consider a variety of factors, including the amount of money involved, whether the

default is largely technical, whether the grounds for default are clearly established, and whether the default was caused by a good faith mistake or excusable neglect. *See* 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* ¶ 2685 (3d ed. 1998). From Moreland's perspective, the amount of money involved in this action is rather small. Default was properly entered by the Clerk of Court. The grounds for the default – Dorsey Thornton's failure to file an answer or other responsive pleading – are clearly established. Furthermore, there is no indication that the default was caused by a good faith mistake or excusable neglect. Additionally, the court concludes that Moreland's allegations, detailed above and deemed true as a result of the default, establish that the defendant has violated the FDCPA. *See, e.g.,* 15 U.S.C. §§ 1692e(3), (4), (5), (7), and (10), 1692(d), 1692(f). Thus, the circumstances warrant the entry of default judgment in favor of Moreland.

However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004)). Instead, the court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *Id.* Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in

detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983)).

Under the FDCPA, a debt collector who violates any provision under the FDCPA is liable for actual damages sustained by a plaintiff as a result of the violation, additional statutory damages up to $1,000.00 as the court may allow, and the plaintiff's costs and reasonable attorney's fees. *See* 15 U.S.C. § 1692k(a).

Moreland seeks both actual and statutory damages. In determining whether statutory damages are appropriate in this case, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Dorsey Thornton's communications to Moreland were both frequent and persistent, and Dorsey Thornton improperly threatened legal action and implied plaintiff's son was guilty of check fraud and would be arrested. Furthermore, Dorsey Thornton misled the plaintiff, falsely representing that Moreland's son had committed a crime and falsely represented the communications with Moreland were from an attorney. Therefore, the court will award Moreland $1,000.00 in statutory damages.

In this case, the plaintiff has submitted an affidavit supporting his claim of damages based on emotional distress. When the plaintiff's testimony is the only evidence of emotional damages, the plaintiff "'must explain the circumstances of his injury in reasonable detail'" and cannot rely on conclusory statements, unless the

"'facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action.'" *Wantz v. Experian Information Solutions,* 386 F.3d 829, 834 (7th Cir. 2004). According to plaintiff, because of the defendant's behavior, he has suffered embarrassment, mental anguish, and emotional distress, and was constantly stressed and upset about what Dorsey Thornton was going to do to his son, specifically whether his son would be arrested. He further states that Dorsey Thornton "made me feel like I had no other option but to make a payment or have them arrest my son." (Pl.'s Aff. ¶ 26) (Docket #10-1). The court finds that the defendant's actions and the plaintiff's affidavit support an award of emotional distress damages. The court must now determine the appropriate amount.

Plaintiff cites to numerous cases in which plaintiffs in FDCPA cases have been awarded damages for emotional distress. Yet, not one case is from this district and not one is less than twelve years old. In addition, plaintiff provides no specificity as to what facts supported the amounts awarded. Ordinarily, plaintiff has the burden to prove damages, and these citations provide the court with little guidance as to what the current state of the law is on awarding emotional distress and mental anguish damages under the FDCPA to plaintiffs in this district. However, based on its review of the pleadings and the plaintiff's motion for default judgment, the court, in its discretion, awards the plaintiff $2,000.00 in actual damages.

With respect to Moreland's claim for actual attorney's fees and costs of $3,144.00, he has provided billing records in support. (Docket #10-2). Federal Statute 15 U.S.C. § 1692k(b)(1) provides that "in the case of any successful action to enforce the foregoing liability, [a debt collector is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court." *See Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995) (holding that an award of fees to a successful plaintiff is "mandatory"). The general rule for calculating attorney's fee awards under fee shifting statutes is applicable to attorney's fees awards under the FDCPA. *See Gastineau v. Wright*, 592 F.3d 747, 748-49 (7th Cir. 2010); *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852, 856-57 (7th Cir. 2009). The starting point is the lodestar method, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Gastineau*, 592 F.3d at 748 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). If necessary, the court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau*, 592 F.3d at 748 (quoting *Schlacher,* 574 F.3d at 856-57). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) (quoting *Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly

rates claimed. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550-59 (7th Cir. 1999).

Despite his obligation to prove the reasonableness of the hours worked and the hourly rates claimed, plaintiff's counsel have provided the court with only the billing records, and no supporting affidavit. However, the court has reviewed the billing records as well as counsel's website, *see* http://www.smithlaw.us (about the firm) (last visited May 10, 2011), and the United States Consumer Law Attorney Fee Survey for 2008-09 for the Midwest, *see* www.consumerlaw.org/feesurvey (last visited May 10, 2011), and finds the hourly rates sought by counsel in light of their experience as described in their attorney profiles on the firm's website are reasonable. Furthermore, the hours spent on this matter are reasonable. Additionally, Moreland has prevailed on his claims against Dorsey Thornton and counsel adequately documented the hours spent on Moreland's case. *See Gastineau*, 592 F.3d at 748. Therefore, the court will allow Moreland to recover $3,144.00 in attorney's fees and costs from Dorsey Thornton.

In sum, the plaintiff's motion for default judgment is granted. The plaintiff is awarded $1,000.00 in statutory damages, $2,000.00 in actual damages, and $3,144.00 in attorney's fees and costs.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for default judgment (Docket #10) be and the same is hereby **GRANTED**; the defendant shall pay to plaintiff $1,000.00 in statutory damages, $2,000.00 in actual damages, and $3,144.00 in attorney's fees and costs.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge